### 13170.  LUCREE v. THE STATE.

BROYLES, C. J.  The motion for a new trial contained the usual general grounds only; the evidence authorized the verdict, and it was not error, to refuse the grant of a new trial.

Judgment affirmed. <em>Luke and Bloodworth, JJ., concur.</em>
DECIDED FEBRUARY 14, 1922.

Accusation of possessing liquor; from city court of Brunswick — Judge Butts. December 14, 1921.

*R. W. Durden, Frank H. Harris,* for plaintiff in error.

*F. M. Scarlett Jr., solicitor,* contra.

---

### 13172.  SEGUI v. THE STATE.

BLOODWORTH, J.  1.  There is no merit in the contention of plaintiff in error that her possession of whisky, for which she was convicted, was ascertained by an unlawful search of the officers.  The record shows that the defendant went through the trial of the case without raising this question, and it is raised in the brief of her counsel in this court for the first time.  Moreover, there is nothing in the record that shows that the officers did not have authority to search the premises.

2. The motion for a new trial contains the general grounds only; no error of law appears; there is evidence to support the verdict, which has the approval of the trial judge, and this court will not interfere.

Judgment affirmed. <em>Broyles, C. J., and Luke, J., concur.</em>
DECIDED FEBRUARY 14, 1922.

Accusation of possessing liquor; from city court of Brunswick — Judge Butts. December 14, 1921.

*R. W. Durden, F. H. Harris,* for plaintiff in error.

*F. M. Scarlett Sr., solicitor,* contra.